IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP A. BYRD,

                Petitioner,

v.

CHRIS BUESGEN,

                Respondent.

OPINION and ORDER

23-cv-639-jdp

---

      Petitioner Phillip Byrd, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2015 conviction for second-degree intentional homicide. Dkt. 1; *see State v. Byrd*, Dane County Case No. 2014CF618. Byrd asserts the following grounds for relief: (1) his trial counsel was ineffective by not raising competency; (2) his trial counsel was ineffective by not pursuing the affirmative defense of not guilty by reason of mental disease or defect; and (3) his trial counsel was ineffective by telling him he had no recourse after pleading guilty. I reviewed Byrd's petition and concluded that it was likely untimely because he waited for nine years after his conviction to petition for habeas relief; I directed him to show cause why I should not dismiss his petition. Dkt. 11.

      Byrd has responded with a brief and a supplement, Dkt. 14 and Dkt. 15, requests for a ruling, Dkt. 18; Dkt. 19; Dkt. 24, a motion for an evidentiary hearing with recruited counsel, Dkt. 20, and a motion for the court to accept handwritten filings, Dkt. 21. I will grant his motion to accept handwritten filings and his requests for a ruling.[1] I will dismiss his petition because it is untimely and he does not qualify for an exception overcoming that untimeliness.

---

[1] One of Byrd's requests for a ruling, Dkt. 24, is captioned in all three of Byrd's pending cases in this court and contains argument about all three cases. I will instruct Byrd that he may not

ANALYSIS

Byrd contends that his counsel's ineffective assistance caused him to fail to seek immediate postconviction relief or a direct appeal and that the state courts erred in their rulings on his 2021 motions for postconviction relief and 2023 state-court habeas petition. Byrd frames his arguments in part on whether he has overcome a procedural default of his claims. But the immediate problem that I identified in the show-cause order wasn't whether Byrd raised his claims to all levels of the court system. It is whether he timely filed his habeas petition in this court.

Petitions brought under § 2254 are subject to a one-year statute of limitations running from certain specified dates. *See* 28 U.S.C. § 2244(d). The one-year limitation period begins to run from the latest of: (1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition was removed; (3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. *See* § 2244(d)(1)(A)–(D).

Byrd's conviction became final in late January 2015, after he failed to file a direct appeal. But Byrd states that he "did not wait nine years to petition for habeas relief. Petitioner pursued postconviction relief after due diligence of discovering that [his attorney] lied to him in regards to being eligible for postconviction relief." Dkt. 14, at 9 (emphases committed). I

---

file documents captioned in multiple cases; each of his filings should be limited to a single case.

take this to be an argument that I should calculate his statute of limitations using the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. But as I stated in my previous order, Byrd knew the *factual* underpinnings of his claims at the time of his criminal proceedings. The relevant date under § 2244(d)(1)(D) is "when the prisoner knows (or through due diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Understanding the legal significance of these facts years later does not restart his habeas clock.

Byrd also argues that his petition is a direct challenge to the Wisconsin Court of Appeals' decision affirming the denial of his postconviction motions. *State v. Byrd*, 2023 WI App 23, ¶ 1, 990 N.W.2d 623. That's incorrect; habeas petitions are challenges to a prisoner's underlying conviction or sentence. And postconviction motions filed after the limitations period runs do not reset the habeas clock. *De Jesus v. Acevedo*, 567 F.3d 941, 944 (7th Cir. 2009) ("a state proceeding that does not begin until the federal year has expired is irrelevant"). Byrd's petition in this court is untimely.

Petitioners can overcome untimeliness in two ways. First, Byrd could show that he is entitled to equitable tolling. To receive equitable tolling, he must show that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Byrd states that his counsel's ineffective assistance barred him from filing a direct appeal. But that ineffectiveness doesn't qualify for equitable tolling. *See, e.g.*, *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021).

Second, Byrd could show that he is entitled to an equitable exception based on a claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). But the standard for this type of exception "is demanding and permits review only in the 'extraordinary' case." *Blackmon v. Williams*, 823 F.3d 1088, 1100–01 (7th Cir. 2016). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In the plea context, the relevant material is the factual basis for the plea. *Bousley v. United States*, 523 U.S. 614, 624 n.3 (1998). The petitioner must "persuade the district court that it is 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016) (quoting *Schlup*, 513 U.S. at 327).

Byrd states that he is innocent of second-degree intentional homicide, but he doesn't articulate a theory supporting his innocence. He states that there is evidence that questions the true owner of the gun that killed the victim, he cursorily mentions the victim's ex-husband, and he also states that the victim had been threatened by an ex-boyfriend. If he means to argue that someone else was guilty of the homicide, that theory is directly contradicted by Byrd's statements to police that he and the victim were alone when she was shot. Byrd also states that the victim had a shovel and bag of lime in her truck, which I take to be an argument that the victim intended to kill Byrd, supporting his theory of self-defense. But none of this comes close to meeting the high standard for showing that he was actually innocent of the offense. So I will dismiss Byrd's petition. Byrd moves for an evidentiary hearing with appointed counsel. I'll deny

4

that motion as moot, and I'll note that appointing counsel for Byrd in this case would not have altered the outcome.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist would debate the outcome here, I will not issue Byrd a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner Phillip Byrd's requests for a ruling, Dkt. 18; Dkt. 19; Dkt. 24, are GRANTED.

2. Petitioner's motion to accept handwritten filings, Dkt. 21, is GRANTED.

3. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED.

4. Petitioner's motion for an evidentiary hearing with recruited counsel, Dkt. 20, is DENIED as moot.

5. Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

6. The clerk of court is directed to enter judgment and close the case.

Entered March 14, 2025.

                                                  BY THE COURT:

                                                  /s/

                                                  _____

                                                  JAMES D. PETERSON
                                                  District Judge